UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEITH T. TOWNS,

        Plaintiff,

    v.

AMERIQUEST MORTGAGE COMPANY, TOWN AND COUNTRY TITLE SERVICES, INC., NORTH AMERICAN TITLE COMPANY, and DOES 1 to 10, inclusive,

        Defendants.
_____/

NO. CIV. S-04-1855 FCD/PAN

**AMENDED STATUS (PRETRIAL SCHEDULING) ORDER**

After reviewing the parties' Joint Status Report, the court VACATES the status conference set for January 12, 2007 and hereby AMENDS the Status Order filed on January 3, 2005 as follows:

**I.    SERVICE OF PROCESS**

All named defendants have been served. No further service will be permitted without leave of court, good cause having been shown.

///

///

**II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS**

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. See Fed. R. Civ. P.16 (b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**III. JURISDICTION/VENUE**

Jurisdiction is predicated upon **18 U.S.C. § 1331 and 28 U.S.C. § 1441(b)**. Jurisdiction and venue are not contested.

**IV.   DISCOVERY**

All discovery has been completed.

**V.    DISCLOSURE OF EXPERT WITNESSES**

All expert discovery has been completed.

**VI.   MOTION HEARING SCHEDULE**

No dispositive motions have been filed as to the remaining defendants and the date in which to have a motion heard has expired.

**VII. FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for **September 7, 2007** at **1:30 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for

1  oral testimony.  The parties shall file, not later than seven (7)
2  calendar days prior to the Final Pretrial Conference, a **joint**
3  pretrial statement.  The provisions of Local Rules 16-281 shall
4  apply with respect to the matters to be included in the joint
5  pretrial statement.  In addition to those subjects listed in
6  Local Rule 16-281(b), the parties are to provide the court with a
7  plain, concise statement that identifies every non-discovery
8  motion tendered to the court and its resolution.

9  Failure to comply with Local Rule 16-281, as modified by
10 this order, may be grounds for sanctions.

11 **Concurrently with the filing of the Joint Final Pretrial**
12 **Conference Statement, counsel shall submit to chambers the word**
13 **processing version of the statement, in its entirety (including**
14 **the witness and exhibit lists) to: fcdorders@caed.uscourts.gov.**

15 The parties shall, in a concise manner, jointly identify
16 **only** undisputed **core** facts separately that are relevant to each
17 claim.  Disputed **core** facts should then be identified in the same
18 manner.  The parties are reminded **not** to identify every fact in
19 dispute but only those disputed facts that are **essential** to the
20 formulation of each claim.  Each disputed fact and undisputed
21 fact should be separately numbered or lettered.  **Where the**
22 **parties are unable to agree what are the core disputed facts,**
23 **they should nevertheless list core disputed facts in the above**
24 **manner.**

25 Each party shall identify and concisely list each disputed
26 evidentiary issue which will be the subject of a party's motion
27 in limine.

28 Each party shall identify the points of law which concisely

3

describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  **Parties shall not include argument or authorities with any point of law.**

The parties shall prepare a **joint** statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 16-281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing  witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a **brief** statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: yellow for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.

**In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.**

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Maureen Price, the Courtroom Clerk, **no later than 3:00 p.m. on the Friday before trial.**

Discovery documents to be listed in the pretrial statement shall not include documents which will be used only for impeachment and in rebuttal.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  **Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with**
///

**these aims in mind.**[1]  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### VIII.    TRIAL SETTING

The trial is set for **November 6, 2007** at **9:00 a.m.**  Trial will by the court.  The parties estimate a trial length of approximately **2-4 days.**

### IX.    SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date is requested, the parties shall file said request jointly, in writing.  If the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel, except for Counsel for the United States, are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven (7) calendar days before the Settlement Conference, counsel for each party shall submit to the chambers of the settlement judge a confidential

---

[1] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 868-69 (9th Cir. 1985).

6

1  Settlement Conference Statement.  Such statements are neither to
2  be filed with the Clerk nor served on opposing counsel.  Each
3  party, however, shall serve notice on all other parties that the
4  statement has been submitted.  If the settlement judge is not the
5  trial judge, the Settlement Conference Statement shall not be
6  disclosed to the trial judge.

7  **X.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER**

8  The parties are reminded that pursuant to Rule 16(b) of the
9  Federal Rules of Civil Procedure, the Status (Pretrial
10 Scheduling) Order shall not be modified except by leave of court
11 upon a showing of good cause.  Agreement by the parties pursuant
12 to stipulation alone does not constitute good cause.  Except in
13 extraordinary circumstances, unavailability of witnesses or
14 counsel does not constitute good cause.

15 **XI.  OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER**

16 This Status Order will become final without further order of
17 the court unless objections are filed within **ten (10) *court* days**
18 of service of this Order.

19 IT IS SO ORDERED.

20 DATED: January 12, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

7