IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH T. TOWNS,

    Plaintiff,                      No. CIV S-04-1855 KJM-EFB

    vs.

AMERIQUEST MORTGAGE CO.; et al.,

    Defendants.               ORDER

_____/

        On June 3, 2011, defendants Ameriquest Mortgage Company and Town and Country Title Services, Inc., filed an ex parte application for leave to file a motion for summary judgment. (ECF 85.) Plaintiff has not filed an opposition as of the entry of this order.[1] For the following reasons, the court GRANTS defendants' request.

        The court filed a scheduling order in this case on January 3, 2005, setting a deadline for the hearing of dispositive motions of January 27, 2006. (ECF 10.) Federal Rule of Civil Procedure 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." The determination of "good cause" "focuses on the reasonable diligence of the

---

[1] Plaintiff was informed of defendants' intent to move for modification of the pretrial scheduling order as early as May 26, 2011 and he indicated his intent to file an opposition on May 31, 2011; he has had ample time to do so and has not. (Blackler Decl., Ex. 4, ECF 85-1.)

1

moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes on 1983 amendment). Defendants have shown good cause and diligence. Significantly, defendants present evidence of plaintiff's membership in a class that settled with defendants on December 4, 2009. (Ex Parte App. at 2.) Judgment was entered on July 30, 2010. (*Id*. at 5.) Defendants have spent the time since "addressing pending lawsuits covered by the class action and filing appropriate dispositive motions." (*Id*.) Defendants could not have known that the circumstances would be such prior to the January 27, 2006 deadline.

Accordingly, defendants' ex parte application is hereby GRANTED. Defendants are to file their motion for summary judgment no later than June 29, 2011 and notice it for hearing in accordance with Local Rule 230. All pending dates in this matter are hereby VACATED pending resolution of the anticipated motion for summary judgment, to be reset if necessary.

IT IS SO ORDERED.

DATED: June 17, 2011.

_____
UNITED STATES DISTRICT JUDGE